J-S13003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER GORDON | |
| Appellant | No. 1369 MDA 2019 |

Appeal from the PCRA Order Entered July 10, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0006831-2016

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY  STABILE, J.:                    **FILED MAY 28, 2020**

Appellant, Peter Gordon, appeals from an order denying relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541—9546.  Appellant asserts that guilty plea counsel was ineffective for failing to advise of the consequences that pleading guilty might have on his immigration status. PCRA counsel has filed an **_Anders_**[1] brief and an application to withdraw as

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Counsel filed a brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), apparently in the mistaken belief that an **_Anders_** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief.  Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a Turner/Finley "no-merit letter" is the appropriate filing.  **_Commonwealth v. Reed_**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014) (citing **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_)).  Nevertheless, our practice in these situations is to accept counsel's **_Anders_** brief and evaluate whether it substantially

counsel. Due to a defect in PCRA counsel's cover letter to Appellant enclosing her application to withdraw, we deny her application without prejudice.

On May 16, 2017, Appellant pleaded guilty to (1) medical fraud, unentitled reimbursement, (2) theft by deception, false impression, and (3) tampering with public records[2] pursuant to a negotiated plea agreement. The court sentenced Appellant on the same date to five years' probation.

During sentencing, guilty plea counsel advised Appellant on the record that pleading guilty could affect his immigration status. Appellant acknowledged that he understood. Counsel asked Appellant if he still wished to go forward with the plea as outlined, and Appellant stated that he wanted to continue with the plea. N.T., 5/16/17, at 7-8. Appellant also apologized to the court and promised not to commit the same conduct again. *Id.* at 11.

After sentencing, Appellant did not request to withdraw his plea or file a direct appeal. Accordingly, Appellant's judgment of sentence became final on or about June 16, 2017.

Over one year later, on November 18, 2018, Appellant filed a *pro se* PCRA petition alleging that guilty plea counsel was ineffective for failing to advise him of the immigration consequences of pleading guilty. The PCRA court appointed counsel, who filed an amended PCRA petition, and the Commonwealth filed a response. In a memorandum and order dated June 4,

---

satisfies *Turner*/*Finley* criteria. *Commonwealth v. Widgins*, 29 A.3d 816, 819 (Pa. Super. 2011).

[2] 62 Pa.C.S.A. §§ 1407(a)(12), 3822(a)(1), and 4911(a)(1), respectively.

2019, the PCRA court informed Appellant of its intent to dismiss his petition without a hearing. On July 10, 2019, the court entered an order dismissing Appellant's petition. On August 8, 2019, Appellant filed a timely appeal to this Court. The PCRA court entered a Pa.R.A.P. 1925 statement without ordering Appellant to file a statement of matters complained of on appeal.

In this Court, PCRA counsel filed an **Anders** brief and an application to withdraw as counsel. Counsel's brief discusses the ineffectiveness claim that Appellant raised in the PCRA court. Before any substantive analysis, we must examine whether PCRA counsel has met the procedural requirements for withdrawing as counsel.

Where, as here, counsel for a PCRA appellant files an **Anders** brief and an application to withdraw, we first examine whether counsel's brief substantially complies with **Turner**/**Finley** standards. **Widgins**, 29 A.3d at 819. A **Turner/Finley** brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. **Commonwealth v. Knecht**, 219 A.3d 689, 691 (Pa. Super. 2019). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007). Counsel substantially complied with these requisites. Her brief reflects that she carefully reviewed the record, listed the issue that Appellant wanted reviewed (guilty plea counsel's alleged ineffectiveness), and explained why it was meritless.

- 3 -

Next, PCRA counsel must send a copy of her brief to the PCRA appellant, along with a copy of her petition to withdraw, and inform him of his right to proceed *pro se* or to retain new counsel. *Knecht*, 219 A.3d at 691. In conjunction with counsel's request to withdraw, it is important to inform the PCRA appellant of his right to proceed *pro se* and raise additional points for our review before this Court examines counsel's request to withdraw and the merits of the case. Although a party may not typically proceed *pro se* while represented by counsel, there is an exception if appellate counsel has filed a *Turner*/*Finley* brief, because that filing signifies that the PCRA appellant is effectively without counsel. Where an appellant has not been apprised of his right to proceed *pro se* following the filing of a *Turner*/*Finley* brief, the notice is defective. *Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005) (counsel's notice defective where counsel's letter may have only informed appellant of right to "new counsel," which would imply right to different court-appointed counsel, rather than right to retain new counsel or proceed *pro se*).[3]

We find that counsel failed to provide proper notice of Appellant's right to proceed *pro se*. Counsel sent a copy of her brief to Appellant and sent him a letter advising him of his right to retain new counsel and raise any additional points that he deemed worth of this Court's attention. *Anders* brief,

---

[3] Although *Millisock* was a direct appeal instead of a PCRA appeal, we believe its analysis applies with equal force to PCRA appeals in which counsel moves to withdraw.

addendum. Counsel did not, however, specifically advise Appellant of his immediate right to proceed with the instant appeal "*pro se*." An appellant has the immediate right in this situation to proceed *pro se* or with privately retained counsel to raise any additional issues he deems worthy of review in this Court. Since counsel failed to make this clear in her letter, it was defective. **Millisock**, **supra**.

Accordingly, we deny counsel's petition to withdraw at this time and direct her to (1) file an amended petition to withdraw as counsel in this Court within fifteen days, and (2) attach to the amended petition a copy of an amended letter sent to Appellant, fully advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points he deems worthy of review. Counsel must also advise Appellant that he may respond, within thirty days of counsel's amended letter, to counsel's **Anders** brief. The Commonwealth will then have thirty days to file a responsive brief.

Petition to withdraw as counsel denied with instructions. Panel jurisdiction retained.